IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RIDDLE & ASSOCIATES, P.C., and JESSE RIDDLE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN SHAPIRO, M.D., et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05-CV-64 TC |

On March 8, 2006, the Plaintiffs filed a Motion for Summary Judgment on Wrongful Use of Civil Proceedings. In response to the summary judgment motion, Defendant Katz & Kleinman filed a Rule 56(f) Motion for Continuance. Specifically, Katz & Kleinman requests "discovery limited to proving or disproving that there is a sufficient amount in controversy ($75,000 or more) to form a basis for diversity jurisdiction[.]" (Rule 56(f) Mot. for Continuance at 1.)

The Rule 56(f) Motion for Continuance is DENIED for the following reasons. The Complaint sufficiently alleges an amount in controversy over $75,000, and no motion to dismiss for lack of subject matter jurisdiction is pending before the court. Even so, it appears from the face of the Complaint that Plaintiffs have satisfied the amount in controversy requirement.

> When making a diversity jurisdiction determination, federal courts base the amount in controversy on the plaintiff's good faith claim in its complaint. To justify dismissal based on an insufficient jurisdictional amount, it must appear to the district court to a "legal certainty" that the claim is really for less than the

jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938).

Prudential Ins. Co. v. Thomason, 865 F. Supp. 762, 764 (D. Utah 1994); see also Rosenboro v. Kim, 994 F.3d 13, 19 (D.C. Cir. 1993) (discussing standard for establishing amount in controversy in light of unliquidated damages allegation); Kry v. Poleschuk, 892 F. Supp. 574, 577 (S.D.N.Y. 1995) (same).  Moreover, the issue of whether the Plaintiffs have incurred $75,000 or more in damages is not relevant to the motion for summary judgment because the motion addresses the issue of liability, not the issue of damages (an issue that the Plaintiffs specifically defer in their motion for summary judgment).

      IT IS SO ORDERED this 1st day of May, 2006.

      BY THE COURT:

*[signature: Tena Campbell]*

      TENA CAMPBELL
      United States District Judge